James Edward SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–408–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 5, 1982.

Discretionary Review Refused Dec. 8, 1982.

Carolyn Hobson, Houston, for appellant.

Patrical Saum, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a conviction by a jury of burglary of a habitation enhanced by two prior criminal convictions. Punishment was assessed at life imprisonment. The sufficiency of the evidence is not challenged.

By his first ground of error, the appellant complains of the in-court identification procedures. "[E]ach case must be considered on its own facts, and ... convictions based on eyewitness identification at trial following a pretrial identification by photograph

[lineup or showup] will be set aside ... only if the ... identification ... procedure[s] [were] so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377 at 384, 88 S.Ct. 967 at 971, 19 L.Ed.2d 1247 (1968); *Neil v. Biggers,* 409 U.S. 188 at 196–197, 93 S.Ct. 375 at 380–381, 34 L.Ed.2d 401 (1972); *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

[T]he central question [is] whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive.... [T]he factors to be considered in evaluating the likelihood of misidentification include [1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and confrontation.

*Neil v. Biggers, supra* 409 U.S. at 199, 93 S.Ct. at 382; See *Manson v. Brathwaite, supra* 432 U.S. at 114, 97 S.Ct. at 2253.

■ The Court of Criminal Appeals has given a list of factors to be considered in determining whether the in-court identification was a result of the pretrial identification procedures or of independent origin as follows:

(1) The prior opportunity to observe the alleged criminal act; (2) the existence of any discrepancy between any pre-lineup identification and the defendant's actual description; (3) any identification of another person prior to the lineup; (4) the identification by picture of the defendant prior to the lineup; (5) failure to identify the defendant on prior occasions; and (6) the lapse of time between the alleged act and the lineup identification.

*Garcia v. State,* 563 S.W.2d 925 (Tex.Cr. App.1978); *Thompson v. State,* 480 S.W.2d 624 (Tex.Cr.App.1972).

The record reflects that on July 10, the date of the offense, Steve Loudin, the com-

plaining witness, was barbecuing at a friend's apartment. About 9:30 p.m., he went to his apartment to pick up some barbecue sauce. As he turned the corner of his apartment building he saw two men walking out of the door of his apartment with his television set. The complainant testified that he was able to get "a good look" at appellant and that there was adequate lighting to see his face. His initial description of the appellant based on his observation was as follows: (1) a black male; (2) about 5'6" to 5'7" tall; (3) 135–140 pounds; (4) medium afro; (5) a little mustache; (6) a tatoo of a "lions head" on the right arm; and (7) a bandage on the left arm. Three days after the burglary, the complainant was shown a spread of photographs of six black males with differing hair lengths. The record is unclear as to whether any of them had mustaches. The picture of appellant was made in 1966. Complainant made a tentative identification of the appellant. The officer conducting the photo array did not make any suggestion to the complainant. However, the officer indicated after the complainant had made his selection that the appellant was indeed a suspect.

A lineup occurred on September 8, approximately two months after the day of the offense. Appellant voluntarily waived in writing his right to have an attorney present at the line-up. The description of the appellant at the line-up was as follows: (1) a black male; (2) 5'6½" tall; (3) 140 pounds; (4) a little mustache; (5) "hair still about [same] length"; (6) several tatoos on his arm (admittedly no tatoo of a "lion's head"); and (8) "a bigger bandage" on the left arm. The record further shows that of the four other black males in the lineup three were very similar to the appellant in height, weight and length of hair. The record is unclear as to whether any of the other individuals had a mustache, bandage or tatoos. The record is quite clear, however, that the complainant immediately picked the appellant out of the lineup without hesitation. The record is also clear that the complainant unequivocally testified that his in-court identification of the appellant

was based solely upon what he saw on the night of the burglary and not upon the prior identifications. Further, the complainant's identification and description have been consistent. He has never failed to identify appellant. Therefore, the complainant's courtroom identification was of sufficiently independent origin and not so tainted by the pretrial identification procedures as to be inadmissible. The ground of error is overruled.

■ By his second ground of error, appellant alleges that he was denied effective assistance of counsel. The standard for such is as follows:

1. Effectiveness of both appointed and retained counsel are to be judged by the single standard of 'reasonable effective assistance of counsel.'

2. Such standard does not mean errorless counsel and not counsel judged ineffective by hindsight, but counsel reasonably likely to render, and rendering reasonable effective assistance. The fact that other counsel would have tried the case differently does not show inadequate representation.

3. Each case must be considered in light of its particular circumstances.

4. The adequacy of representation must be gauged by the totality of the representation.

*Robertson v. State,* 632 S.W.2d 805 at 808 (Tex.App.—Houston [14th Dist.] 1982); *See Humber v. State,* 624 S.W.2d 814 (Tex.App. —Houston [14th Dist.] 1981).

■ The appellant points to three instances during the voir dire examination as evidence of counsel's ineffectiveness. The first is that "counsel informed the prospective jurors that he believed his client was guilty". The portion of the record to which the appellant points is taken out of context. The appellant's counsel was attempting to convince the prospective jurors not to penalize the appellant for their own personal misfortunes if they had been burglarized. In doing so counsel said:

[DEFENSE COUNSEL]: . . . Well, let's try and be fair about this. We are pleading not guilty. And we are pleading not guilty because we feel we are not guilty. We know we are not guilty. That's the way we feel. Otherwise, we wouldn't be sitting here today wasting—

[PROSECUTING ATTORNEY]: I am going to object to that last statement.

THE COURT: Sustained.

[DEFENSE COUNSEL]: I do not believe I stated my—

THE COURT: You will plead not guilty. Move on.

[DEFENSE COUNSEL]: All right. The defendant is pleading not guilty. That is not my opinion. That's his opinion. My job is to defend him. But again we say, and I don't want to be repetitive, but I want you to understand that please don't put this man into the posture of 'Now we have got one.'

In context it is clear that counsel was merely trying to rephrase his previous statement in accordance with the prosecutor's objection, and not, as the appellant alleges, informing the prospective jurors that counsel believed that the appellant was guilty.

The appellant also alleges that "counsel even raised the possibility that the appellant could receive more than the five to ninety-nine or life imprisonment". A review of the record reveals no statement of that nature.

The appellant also alleges that counsel was ineffective because he "could not explain the concept of circumstantial evidence" to the jury panel. Again, the record does not support this allegation.

Finally, the appellant alleges that his counsel was ineffective for failing to file a motion for new trial. A motion for new trial is not a prerequisite for appeal. Tex. Code Crim.Pro.Ann. art. 40.05(a) (Vernon Supp.1982).

A review of the totality of the representation reveals that the appellant was afforded effective assistance of counsel.

■ By his third ground of error, the appellant complains of the trial court's fail-

ure to define "theft" fully in the application of the law to the facts. Appellant failed to object to the charge as it was presented to the jury. Thus only fundamental error can be considered. *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979); *Simmons v. State,* 622 S.W.2d 111 (Tex.Cr.App.1981). Fundamental error is error "calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial". *Smith v. State,* 513 S.W.2d 823 (Tex. Cr.App.1974); *Simmons v. State, supra.*

Under the charge the jury was required to find all of the elements of burglary in order to convict. The court's final charge required the jury to find beyond a reasonable doubt that the appellant entered the habitation with "the intent then and there to commit the offense of theft". Theft was fully defined in the abstract definitions. "[T]he [court's] charge should be viewed as a whole, and review should not be limited to parts of the charge standing alone." *Cain v. State,* 154 Tex.Cr.R. 284, 226 S.W.2d 640 (1950); *Simmons v. State, supra* at 116; *White v. State,* 610 S.W.2d 504 (Tex.Cr.App. 1981). There is no fundamental error. *See Thomas v. State,* 543 S.W.2d 645 (Tex.Cr. App.1976). Appellant's ground of error is overruled.

By his fourth ground of error, the appellant alleges that the trial court erred in failing to instruct the jury on the required culpable mental state. As stated before, there were no objections to the charge. The court's charge included the necessary element of a culpable mental state, as set out in the indictment. The argument in this ground of error has been considered and rejected by the Court of Criminal Appeals in *Sylvester v. State,* 615 S.W.2d 734 (Tex.Cr.App.1981). The appellant's ground of error is overruled.

■ In addition to the brief filed by appellant's counsel, appellant has also filed a pro se brief which raises the same grounds and one additional. This pro se brief was not timely filed. Tex.Code Crim.Pro.Ann. art. 40.09 § 9 (Vernon Supp.1982); *Calais v. State,* 624 S.W.2d 811 (Tex.App.- Houston

[14th Dist.] 1981). There is no right to hybrid representation on appeal. *Calais, supra; Landers v. State,* 550 S.W.2d 272 (Tex.Cr.App.1977). Under such circumstances, this court is not required to consider or review its contents. *Calais, supra; Stiehl v. State,* 585 S.W.2d 716 (Tex.Cr.App. 1979), *cert. denied,* 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981). However, a review of the appellant's contentions reveals none of merit. They are also overruled.

The conviction is affirmed.