**Opinion issued July 24, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00768-CR**

———————————

**DARRYL THOMAS REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1326043**

---

**MEMORANDUM OPINION**

A jury convicted Darryl Thomas Reed of capital murder, and the trial court

assessed punishment at confinement for life without the possibility of parole.[1] In

---

[1]    *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2013) (defining capital
murder as intentional murder in course of committing or attempting to commit
robbery).

his sole issue, Reed contends that the trial court abused its discretion by not instructing the jury on the lesser-included offense of manslaughter. We affirm.

## Background

One night, Reed and several friends decided to order pizza from a local restaurant and then rob the delivery driver at gunpoint when he arrived. One friend placed the order and gave the restaurant the delivery address of a vacant house nearby. When the driver, Phillip Little, arrived at the abandoned house, Reed and two others approached the car with loaded guns. Pointing guns at the car, one of them told Little to "give it up, give it up."

According to Reed, Little quickly shifted gears and tried to drive away, almost hitting Reed with the car. Reed responded by firing four shots at Little's car. One of the four shots went through the car's rear window, hitting Little in the back and causing him to slide down into the car seat. Little's car then swerved off of the road and crashed into the fence of a nearby house. When the police officers arrived at the scene, Little was unresponsive. Little was later pronounced dead upon his arrival at the hospital.

After learning of Little's death, Reed contacted the police to give his version of the shooting. In a recorded statement, Reed admitted to shooting Little and apologized, saying that it was an accident and that he "didn't mean to kill [Little]."

Based on his confession, Reed was charged with capital murder. At trial, before the State rested its case, the trial court gave both parties a proposed jury charge, which included instructions on capital murder and the lesser-included offense of felony murder. Reed objected to the proposed charge, and requested an instruction on manslaughter, based upon Reed's statement that he had not intended to kill Little.

While Reed did not testify at trial, the jury heard evidence of his recorded statement. At the close of evidence, the trial court again reviewed the proposed jury charge and again Reed requested an instruction on manslaughter. The trial court denied his request. The final charge instructed the jury on capital murder and felony murder.

The jury found Reed guilty of capital murder and assessed punishment at life confinement, without the possibility of parole. Reed timely appealed.

**Lesser-included Offense**

Reed contends that the trial court should have instructed the jury on the lesser-included offense of manslaughter because there was "more than a scintilla of evidence that [he] acted only recklessly" in causing Little's death and that he did not shoot Little in furtherance of the attempted robbery. The State responds that Reed was not entitled to a manslaughter instruction because the same evidence that would have supported an instruction on manslaughter also supported the court's

instruction on another lesser-included offense, felony murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011) (defining felony murder).

## A.    Standard of review

When a defendant raises a claim of jury-charge error, we apply the procedure set forth in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). We first determine whether there was error in the charge. *Id.*; *McIntosh v. State*, 297 S.W.3d 536, 542 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). If the charge was erroneous, we then consider whether the error was harmful. *Almanza*, 686 S.W.2d at 172; *McIntosh*, 297 S.W.3d at 542. An erroneous jury charge requires reversal when the defendant has properly objected to the charge and we find "some harm" to his rights. *Almanza*, 686 S.W.2d at 171; *see McIntosh*, 297 S.W.3d at 542.

## B.    Applicable law on lesser-included offense instructions

The Texas Code of Criminal Procedure states that "in a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." TEX. CODE CRIM. PROC. ANN. art. 37.08 (West 2006). A lesser-included offense is one that

(1) is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

4

> (3) differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) consists of an attempt to commit the offense charged or an otherwise included offense.

*Id*. art. 37.09 (West 2006).

A trial court has a responsibility to instruct the jury on "the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Lesser-included offenses, however, are not considered law applicable to the case; they are defensive issues, which "frequently depend upon trial strategy and tactics" to determine if they should be requested. *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010). A trial court has a duty to instruct the jury on lesser-included offenses only if a party has made a proper request. *See id*. at 779–80 (noting that trial courts are "not statutorily required to sua sponte instruct" jury on lesser-included offenses); *cf. Ford v. State*, 38 S.W.3d 836, 840 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (stating trial court may sua sponte instruct jury on lesser-included offenses, but not statutorily required to do so).

## C.    Whether the charge was erroneous

Courts apply a two-step analysis when determining whether a trial court should have granted a request for an instruction on a lesser-included offense: first, they determine whether the requested offense is a lesser-included offense by comparing the elements of the two offenses. *Young v. State*, 428 S.W.3d 172, 175

(Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007). If the requested offense is a lesser-included offense of the charged offense, then they determine whether any evidence adduced at trial would support instructing the jury on the lesser-included offense. *Id.* at 176; *see Hall*, 225 S.W.3d at 536 (stating that evidence must support lesser-included offense as "valid, rational alternative to the charged offense"). The standards for whether the evidence is legally sufficient to convict a defendant of an offense and whether the evidence is sufficient to require a lesser-included offense are "quite different." *Wasylina v. State*, 275 S.W.3d 908, 909 (Tex. Crim. App. 2009) (citation omitted). "The evidence could easily be legally sufficient to support a conviction for a lesser-included offense but not justify the submission of a lesser-included-offense instruction because the evidence does not show that the defendant is guilty *only* of the lesser-included offense." *Id.* at 909–10; *see Jimenez v. State*, 419 S.W.3d 706, 712 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (applying *Hall* and noting that defendant is entitled to instruction on lesser-included offense only when evidence shows he is guilty only of lesser-included offense).

Reed contends that his recorded statement provided evidence to support a jury's conclusion that his actions were "sufficiently detached from the robbery" and, therefore, "trigger[ed] consideration of manslaughter" as a lesser-included offense.

## 1. Manslaughter is a lesser-included offense of capital murder as charged

We first consider whether manslaughter is a lesser-included offense of capital murder. *Hall*, 225 S.W.3d at 535 ("The first step in the lesser-included offense analysis [is] determining whether an offense is a lesser-included offense of the alleged offense . . . ."). A person commits capital murder if he intentionally commits murder in the course of committing or attempting to commit another felony, including robbery. TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2013). A person commits manslaughter if he recklessly causes the death of another person. TEX. PENAL CODE ANN. § 19.04 (West 2011).

Reed was charged with capital murder as follows:

> [T]he Defendant, heretofore on or about November 2, 2011, did then and there unlawfully while in the course of committing and attempting to commit the robbery of Phillip Little, intentionally cause the death of Phillip Little by shooting Phillip Little with a deadly weapon, namely a firearm.

Both parties agree that, as alleged in this case, manslaughter is a lesser-included offense of capital murder. *See Moore v. State*, 969 S.W.2d 4, 9–10 (Tex. Crim. App. 1998) (noting that voluntary manslaughter is lesser-included offense of capital murder); *Gilbert v. State*, 196 S.W.3d 163, 165–66 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (same). Accordingly, we must address whether there was sufficient evidence to support instructing the jury on that offense. *Hall*, 225 S.W.3d at 536 (noting that second step of analysis requires courts to ask whether

7

"the elements of the lesser offense [are] 'established by proof of the same or less than all the facts required to established the commission of the offense charged'?" (citation omitted)).

### 2. Whether Reed was entitled to a manslaughter instruction

We consider all of the evidence admitted at trial and determine whether there is "more than a scintilla of evidence" entitling the defendant to a lesser charge. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011); *Bridges v. State*, 389 S.W.3d 508, 511–12 (Tex. App.—Houston [14th Dist.] 2012, no pet.). We may not, however, consider the "credibility of the evidence and whether it conflicts with other evidence or is controverted." *Goad*, 354 S.W.3d at 446–47 (citation omitted); *see Bridges*, 389 S.W.3d at 512.

Also, "when the evidence relied upon to raise the requested lesser-included offense establishes a lesser-included offense that is greater than the one requested, then the defendant is not entitled to his requested submission." *Hudson v. State*, 394 S.W.3d 522, 525 (Tex. Crim. App. 2013); *see, e.g.*, *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008) (holding that defendant charged with murder was not entitled to instruction on deadly conduct when "the evidence on which the defendant is relying raises another offense that 'lies between' the requested and charged offenses").

Here, in addition to capital murder, the trial court also instructed the jury on felony murder. A person commits felony murder if he commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, commits or attempts to commit an act clearly dangerous to human life that causes the death of another person. TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011). The evidence suggests two possible underlying offenses to support the jury's conclusion that Reed committed felony murder: robbery and deadly conduct. *See Washington v. State*, 417 S.W.3d 713, 721 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (noting deadly conduct is underlying felony for felony murder); *Ortiz v. State*, 144 S.W.3d 225, 232–33 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (noting deadly conduct is lesser-included offense of murder when there was some evidence that defendant recklessly shot firearm and fatally injured another person).

A person commits felony deadly conduct when he recklessly engages in conduct that places another in imminent danger of serious bodily injury by knowingly discharging a firearm at or in the direction of one or more individuals or a vehicle, with reckless disregard for whether the vehicle is occupied. TEX. PENAL CODE ANN. § 22.05(a)–(b) (West 2011); *see id.* § 19.02(b)(3); *Washington*, 417 S.W.3d at 721.

Reed denied that he intended to kill Little, but he admitted that he fired at Little's vehicle, knowing that Little was driving it. This evidence is sufficient for a jury to conclude that Reed committed the underlying offense of deadly conduct. *See* TEX. PENAL CODE ANN. § 22.05 (b), (c) (West 2011) (stating that person commits deadly conduct by knowingly discharging firearm at or in direction of occupied vehicle and that recklessness and danger are presumed if actor knowingly points firearm at or in direction of another whether or not actor believed firearm to be loaded). Thus the intermediate offense of felony murder based on deadly conduct foreclosed an instruction on the even lesser-included offense of manslaughter that Reed requested.

In support of his contention that the evidence supported an instruction on manslaughter, Reed distinguishes his circumstances from those in *Gadsden v. State*, 915 S.W.2d 620, 622–23 (Tex. App.—El Paso 1996, no pet.) (holding trial court did not err by not instructing jury on involuntary manslaughter when jury could not have convicted defendant only of that crime) and *Fernandez v. State*, No. 14–04–00144–CR, 2005 WL 2076492 (Tex. App.—Houston [14th Dist.] Aug. 30, 2005, pet. ref'd) (mem. op., not designated for publication) (holding that trial court was not required to instruct jury on manslaughter when there was sufficient evidence that defendant had committed intermediate lesser-included offense of felony murder). Specifically, Reed contends that, unlike *Fernandez* and *Gadsden*,

10

he fired his weapon in a "reckless" response to Little almost hitting him with his car—and not in furtherance of committing a robbery. However, robbery was one of two available felonies to support a felony murder charge, and we have already concluded that there was sufficient evidence for the jury to conclude that Reed engaged in deadly conduct to support a felony murder instruction.[2]

Accordingly, we conclude that that the trial court did not err by refusing to instruct the jury on manslaughter.[3]

We overrule Reed's sole issue.

---

[2] The evidence that Reed shot at Little while in immediate flight from the attempted robbery could also support a jury's conclusion that he had committed felony murder based. *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (defining felony murder as committing or attempting to "commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, *or in immediate flight from the commission or attempt*, commit[ting] or attempt[ing] to commit an act clearly dangerous to human life that causes the death of an individual." (emphasis added)).

[3] We do not reach the issue of harm because we conclude that Reed was not entitled to an instruction on manslaughter. Even assuming that Reed was entitled to the manslaughter instruction, the omission of that instruction was harmless because the jury rejected the lesser-included intermediate offense of felony murder and found sufficient evidence to convict him of the charged offense of capital murder. *See, e.g.*, *Masterson v. State*, 155 S.W.3d 167, 171–72 (Tex. Crim. App. 2005) (holding that any error caused by not instructing jury on criminally negligent homicide was harmless when defendant was convicted of charged offense of capital murder and jury rejected the lesser-included intermediate offense of manslaughter); *Flores v. State*, 215 S.W.3d 520, 530 (Tex. App.—Beaumont 2007), *aff'd*, 245 S.W.3d 432 (Tex. Crim. App. 2008) (holding that any error in not instructing jury on felony murder was harmless when trial court instructed jury on manslaughter and injury to child and jury found defendant guilty of greater charged offense).

## Conclusion

We affirm.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).