ACCEPTED
13-14-00145-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/19/2015 5:37:08 PM
DORIAN RAMIREZ
CLERK

**No. 13-14-00145-CR**

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/19/2015 5:37:08 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI - EDINBURG

F I L E D
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

05/19/15

DORIAN E. RAMIREZ, CLERK
BY  cholloway

**MATTHEW JOHN CASANOVA,**

**APPELLANT,**

**v.**

**THE STATE OF TEXAS,**

**APPELLEE.**

On Appeal from Cause No. 13-10-27587-A in the
24th District Court of Victoria County, Texas
Hon. Juergen "Skipper" Koetter, Judge Presiding

**BRIEF OF APPELLANT**

Arnold Hayden
State Bar No. 24065390
The Law Office of Arnold Hayden
P.O. Box 4967
Victoria, Texas 77903
Tel:   (361) 573-4393
Fax:   (361) 573-4394

ATTORNEY FOR APPELLANT

May 19, 2015

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Appellant submits the names and addresses of all interested parties and attorneys:

<u>Parties</u>

**MATTHEW JOHN CASANOVA**
Inmate No. 01917808
Eastham Unit, TDCJ
2665 Prison Rd. #1
Lovelady, TX 75851

**THE STATE OF TEXAS**
**c/o MR. STEPHEN TYLER**
Victoria County Criminal District Attorney
205 N. Bridge St., Ste. 301
Victoria, TX 77901

<u>Attorneys</u>

**ARNOLD HAYDEN**
Attorney for Appellant
P.O. Box 4967
Victoria, Texas 77903

**STEPHEN TYLER**
Attorney for Appellee
Victoria County Criminal District Attorney
205 N. Bridge St., Ste. 301
Victoria, TX 77901

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS................................................................................... ii

LIST OF AUTHORITIES................................................................................ iv

STATEMENT OF THE CASE......................................................................... vii

ISSUES PRESENTED.................................................................................... viii

STATEMENT OF FACTS ..............................................................................2

SUMMARY OF THE ARGUMENT ...............................................................6

ARGUMENT ..................................................................................................9

I. This Court should hold that Appellant's constitutional right to due process was violated because the trial court failed to submit an element of the offense to the jury and that this error is reversible ...............................9

    A. Under *Apprendi*, due process requires that any factor that enhances the maximum sentence of an offense, other than prior conviction enhancements, to be submitted to a jury as an element of the offense ......................................................................................9

    B. The trial court violated due process under *Apprendi* when it made its own finding that the two alleged assaults occurred within one year, instead of submitting this element to the jury ............................11

    C. Appellant was harmed by the trial court's error because his punishment exceeded the maximum sentence for a non-enhanced offense of misdemeanor assault ...........................................................13

II. This Court should hold that the trial court's failure to sufficiently instruct the jury on the lesser-included offenses of misdemeanor assault constitutes reversible error....................................................................15

    A. While the procedures regarding special jury instructions are defined by statute, the preservation of error for special instructions either by objection or the submission of instructions by written request .................................................................................15

1. Error was preserved by Appellant's objection to the omission of the lesser-included offenses in the State's proposed jury charge ................................................................ 18

2. Estoppel prevents the State from asserting that the lesser-included charge was not required or that error was not preserved because no charge conference was held on the amended charge prepared by the State's attorneys ................. 18

B. The trial court erred by failing to sufficiently charge the jury with the lesser-included offenses of misdemeanor assault ......................... 20

1. The jury instructions are not sufficient to inform the jury of the applicable laws regarding the lesser-included offenses ............................................................................... 23

2. The verdict form cannot cure the defects in the jury instructions regarding lesser-included offenses while simultaneously maintaining compliance with *Apprendi* ......... 24

C. Appellant was harmed by the trial court's error because the sentence exceeded the maximum of the lesser-included offense ........ 26

PRAYER .................................................................................................................... 27

CERTIFICATION OF COMPLIANCE .................................................................... 28

CERTIFICATE OF SERVICE .................................................................................. 28

iii

# LIST OF AUTHORITIES

Cases

*Almanza v. State*,
   686 S.W.2d 157 (Tex. Crim. App. 1985) ...........................................................15

*Apprendi v. United States*,
   530 U.S. 466, 120 S.Ct. 2348 (2000) .......................................... *passim*

*Barrios v. State*,
   283 S.W.3d 348 (Tex. Crim. App. 2009) ..................................................... 22, 23

*Benevides v. State*,
   763 S.W.2d 587 (Tex. App.—Corpus Christi 1988)...........................................22

*Bowen v. State*,
   374 S.W.3d 427 (Tex. Crim. App. 2012) ..................................................... 14, 26

*Boyett v. State*,
   692 S.W.2d 512 (Tex. Crim. App. 1985) ...........................................................21

*Bridges v. State*,
   389 S.W.3d 508 (Tex. App.—Houston[14th Dist.] 2012) ..................................26

*Chase v. State*,
   448 S.W.3d 6 (Tex. Crim. App. 2014) ...............................................................17

*Jones v. United States*,
   526 U.S. 227, 119 S. Ct. 1215 (1999) ...............................................................10

*Lankston v. State*,
   827 S.W.2d 907 (Tex. Crim. App. 1992).............................................................17

*Martinez v. State*,
225 S.W.3d 550 (Tex. Crim. App. 2007) ...............................................................25

*McIntosh v. State*,
297 S.W.3d 536 (Tex. App.—Houston[1st Dist.] 2009)...................................23

*Middleton v. State*,
125 S.W.3d 450 (Tex. Crim. App. 2003) ...............................................................15

*Ngo v. State*,
175 S.W.3d 738 (Tex. Crim. App. 2005) ...............................................................15

*Rodriguez v. State*,
758 S.W.2d 787 (Tex. Crim. App. 1988) ................................................. 9, 13, 15

Statutes

Tex. C. Crim. Proc. art. 36.14 .................................................................................16

Tex. C. Crim. Proc. art. 36.15 ........................................................................ 16, 17

Tex. Penal Code § 12.21 ...........................................................................................13

Tex. Penal Code § 12.34 ...........................................................................................13

Tex. Penal Code § 22.01 ................................................................................. 11, 14

Tex. Penal Code § 25.11 ...........................................................................................11

Rules

Tex. R. App. Proc. 44.2 ....................................................................................13

Treatises

43 Tex. Prac., Crim. Prac. & Proc. § 43:47 (3d ed.)..................................................21

# STATEMENT OF THE CASE

Appellant was charged with committing the offenses of Aggravated Assault, Continuous Family Violence, and Aggravated Sexual Assault. (I C.R. at 6.) At trial, the State abandoned the allegations of Aggravated Assault and Sexual Assault, proceeding only on the allegation that Appellant committed the offense of Continuous Family Violence. (III R.R. at 8.) The jury found by its verdict that Appellant twice committed the offense of Assault against a Family Member, once on April 4 and once on July 6, as alleged in the indictment. (I C.R. at 39.) Upon this verdict, the trial court pronounced a conviction for the offense of Continuous Family Violence and the trial proceeded to punishment. (IV R.R. at 76; V R.R. at 8.) After finding that Appellant was a habitual offender based upon two prior convictions, the jury assessed punishment at twenty-five (25) years confinement in the Institutional Division of the Texas Department of Criminal Justice. (I C.R. at 47, 52.)

## ISSUES PRESENTED

1.    Under the Fourteenth Amendment, whether a trial court's judgment finding Appellant guilty of the felony offense of continuous family violence under Tex. Penal Code § 25.11 violated Appellant's constitutional right to due process when the jury returned a verdict that found that Appellant committed two offenses of misdemeanor assault, but the verdict form did not require the jury to find beyond a reasonable doubt the element of whether the assaults occurred within a duration of twelve (12) months or less, as required for enhancement to a felony under Section 25.11.

2.    Under Texas law, whether the trial court erred in failing to sufficiently charge the jury with the lesser-included offenses of misdemeanor assault, when Appellant objected to the State's omission of the lesser-included offense in a proposed jury charge prepared by the State, the trial court found that a lesser-included instruction was necessary, the State failed to include sufficient language in the charge for the lesser-included offenses, and the charge was presented to the jury without a charge conference on the amended charge, constructively denying Appellant's request for the lesser-included charge.

No. 13-14-00145-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI - EDINBURG

MATTHEW JOHN CASANOVA,

APPELLANT,

v.

THE STATE OF TEXAS,

APPELLEE.

On Appeal from Cause No. 13-10-27587-A in the
24th District Court of Victoria County, Texas
Hon. Juergen "Skipper" Koetter, Judge Presiding

BRIEF OF APPELLANT

TO THE HONORABLE COURT OF APPEALS:

Appellant, MATTHEW JOHN CASANOVA, respectfully submits this brief in appeal of the sentence imposed in the trial court of confinement for twenty-five (25) years in the Institutional Division of the Texas Department of Criminal Justice following a conviction for the offense of Continuous Family Violence.   This is an appeal from the 24th Judicial District Court of Victoria County, Texas, the Honorable Juergen "Skipper" Koetter, Judge Presiding, in District Court Cause Number 13-10-27587-A in which Appellant, MATTHEW JOHN CASANOVA, was the Defendant and the State of Texas was the Plaintiff.

## STATEMENT OF FACTS

Appellant, Matthew Casanova, met his wife, Naomi Casanova, at church in Flagstaff, Arizona. (III R.R. at 124.) Appellant began attending Naomi's church after being invited by Naomi's mother, who knew Appellant through work. (III R.R. at 125.) After noticing each other at church, the two began communicating on Facebook. (III R.R. at 125.) The pair soon began dating. (III R.R. at 126.)

When Appellant proposed after only a handful of dates, Naomi agreed immediately. (III R.R. at 126.) Naomi wasn't worried that her relationship with Appellant was moving too fast. (III R.R. at 126.) She and Appellant talked constantly every day. (III R.R. at 126.) Naomi described Appellant as a gentleman who treated her the way she thought she should be treated. (III R.R. at 126.) To her, this was the type of relationship she had always wanted. (III R.R. at 126.)

The couple was so excited to be married that they went to the courthouse the very next day, December 20, 2012, and were married by a judge. (III R.R. at 127-28.) After the wedding, Appellant moved in with Naomi. (III R.R. at 127.) Naomi was living at a friend's house, paying the friend rent and helping out with the bills. (III R.R. at 127.) Naomi was working as a maid and Appellant also worked in maintenance. (III R.R. 127-28.)

Appellant and Naomi only lived at the friend's house for a few weeks. (III

2

R.R. at 128.)  During this time, Naomi quit her job and stopped paying rent and helping out with the bills.  (III R.R. at 127.)  Two weeks into the marriage, Naomi got into an argument with Appellant because she wanted to meet up with a friend from out of town.  (III R.R. at 129-30.)  Appellant was suspicious that the relationship between Naomi and this friend was more than merely platonic, and after a heated argument, Naomi decided to stay home.  (III R.R. at 130.)

Not long after this initial argument, Naomi and Appellant are out at a bar, watching a band whose members Naomi was personally acquainted with.  (III R.R. at 130.)  Prior to going the bar, the couple had been drinking at home with another couple, their roommate's daughter and son-in-law.  (III R.R. at 130.)  At the bar, the two couples meet up with more of Naomi's friends.  (III R.R. at 131.)  Naomi and Appellant get into an argument at the bar, and the two couples leave the bar to go back to the house.  (III R.R. at 131-33.)  The argument from the bar continued back at home until interrupted by Naomi's roommate, who told Naomi that she didn't want the couple to live at the house anymore.  (III R.R. at 133-34.)

About a week later, Naomi and Appellant moved out of the friend's house into Naomi's sister's house in Gilbert, Arizona, where they stayed for approximately two months.  (III R.R. at 135.)  After several more arguments, Appellant left Naomi in Arizona in March of 2013.  (III R.R. at 136.)  Appellant moved back to Victoria, Texas, to live with his brother, Felix Salinas, and sister-in-law, Erica

Salinas. (III R.R. at 136-37.)

Several days after Appellant moves to Texas, Appellant and Naomi begin communicating again. (III R.R. at 137-38.) Near the beginning of April, 2013, Naomi drove from her sister's house in Gilbert, Arizona, to Victoria, Texas, and moved with Appellant at his brother Felix's house, located at 108 Scarborough. (III R.R. at 139.)

It became apparent quickly that the couple's problems had followed them to Texas when, on April 4, 2013, officers from the Victoria Police Department responded to a call involving a disturbance at the HEB Plus grocery store in Victoria. (III R.R. at 49.) At the store, the officers encountered Naomi, who claimed that Appellant had struck her in the parking lot. (III R.R. at 52.) Appellant was not at the store when the police arrived because an employee had asked Appellant to leave. (III R.R. at 160.) After taking Naomi's statement, officers went to the house at 108 Scarborough and arrested Appellant for assault causing bodily injury to a family member. (III R.R. at 64-65.)

After spending a few days away, Naomi continued to live at the brother's house on Scarborough while Appellant was in jail. (III R.R. at 164.) Appellant and Naomi wrote letters and talked on the phone while he was incarcerated. (III R.R. at 165-66.) After about a month, Appellant was released on bond with conditions that he have no contact with Naomi. (III R.R. at 166, 209.) Naomi

4

was notified of these bond conditions, but choose to ignore them. (III R.R. at 173, 209.) A few days after Appellant gets out of jail, Naomi goes to the district attorney's office and fills out an affidavit of non-prosecution, stating that she wanted the charges against her husband dropped. (III R.R. at 173.)

While Appellant was in jail, Naomi had sexual intercourse with another man, named Simon Brisenio. (III R.R. at 168.) Simon was friends with Appellant's brother, Felix, and knew Appellant. (III R.R. at 168.) Simon would visit Felix and hang out at the house often. (III R.R. at 168-69.) On one of these nights, while Appellant was in jail, Naomi confided in him about her marriage. (III R.R. at 169.) Naomi then went over to Simon's house and was unfaithful to Appellant. (III R.R. at 169.)

In July of 2013, Naomi and Appellant got into a lengthy argument over Naomi's wedding ring, which she claimed to have lost. (III R.R. at 87.) Felix and Erica Salinas observed them arguing late at night about the ring, and continuing to argue the next day. (III R.R. at 87.) The following evening, Naomi asked Erica Salinas to take her to stay with a friend for the night. (III R.R. at 89.) While in the car, Naomi told Erica that she and Appellant had argued all day and that Appellant had hit her, showing her bruises that were purported to be caused by Appellant. (III R.R. at 90.) Emily called the police to report the incident (III R.R. at 91), which led to an indictment for continuous family violence (I C.R. at 6).

5

## SUMMARY OF THE ARGUMENT

Under *Apprendi v. New Jersey*, a defendant's constitutional right to due process is violated when any factor that increases the maximum punishment of an offense, other than a prior conviction, is not submitted to the jury as an element of the offense. Appellant was charged with the offense of continuous family violence, which enhances the misdemeanor offense of assault family violence to a felony when a person commits two or more assaults causing bodily injury to a family member within a period of time that is twelve (12) months or less in duration, increasing the maximum punishment from one (1) year confinement in the county jail to ten (10) years confinement in prison.

While the jury in the instant case was charged with finding whether or not Appellant committed the offense of continuous family violence, the verdict form only asked the jury to convict or acquit Appellant of the two underlying assaults that were found in the indictment, without giving the jury a manner to indicate whether or not it found beyond a reasonable doubt that the two underlying assaults occurred within a period of twelve (12) months or less. Because *Apprendi* requires that the within-twelve-months element be presented to the jury, and Appellant received a sentence of twenty-five (25) years, which extends beyond the maximum one (1) year sentence for misdemeanor assault family violence, this Court should remand this cause to the trial court with orders that Appellant's conviction be reformed to reflect

6

a misdemeanor assault causing bodily injury to a family member and for a new hearing on punishment. Otherwise, this Court should reverse and remand for a new trial.

Even if this Court were to find that Appellant's right to due process were not violated under *Apprendi*, this Court should find that the trial court committed reversible error by failing to include sufficient instructions charging the lesser-included offenses of misdemeanor assault in its charge to the jury. At the charge conference, Appellant objected to the omission of the lesser-included offense of misdemeanor assault in State's proposed charge. While the trial court instructed the State that the lesser-included offense was necessary, immediately preceding the charge conference in the record, a charge was read that did not instruct the jury on how to proceed in deciding between the greater offense and the lesser-included offenses and did not contain an application paragraph for the lesser-included offenses. Given this sequence of events in the record, this Court should find that Appellant preserved error on the issue of a lesser-included offense, and that the trial court's reliance upon the State to present an amended charge estops the State from claiming that error was not preserved on the amended charge or that the lesser-included charge was not required based upon the evidence at trial.

Texas law requires that a jury receive written instructions distinctly setting for the law of the case. The Texas Court of Appeals has, over time, approved two

models of charging lesser-included offenses, the traditional "stair-step" model from *Boyett v. State* and a more modern version "charge-as-a-whole" model from *Barrios v. State*. Both models are legally sufficient and both models require the use of a charging paragraph for the lesser-included offense. Because the jury charge in the instant case does not conform to either *Boyett* or *Barrios*, this Court should find that the trial court erred when it submitted a charge to the jury that did not contain sufficient language for the lesser-included offense of misdemeanor assault.

Because this issue was preserved by Appellant's objection at the charge conference, Appellant only need to show "some harm" to avoid a finding that the error was harmless. Here, Appellant was sentenced to twenty-five (25) years, when the maximum sentence for the lesser-included offense was one (1) year. As previously stated, this Court should remand this cause to the trial court with orders that Appellant's conviction be reformed to reflect a misdemeanor assault causing bodily injury to a family member and for a new hearing on punishment. Otherwise, this Court should reverse and remand for a new trial.

**ARGUMENT**

**I. This Court should hold that Appellant's constitutional right to due process was violated because the trial court failed to submit an element of the offense to the jury and that this error is reversible**

For cases involving constitutional error in a jury charge, error need not be preserved at trial, and the harm analysis are to be decided by the standards set forth in the Rules of Appellate Procedure for constitutional error. *Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988). This standard requires reversal "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex. R. App. Proc. 44.2(a).

    A.    Under *Apprendi*, due process requires that any factor that enhances the maximum sentence of an offense, other than prior conviction enhancements, to be submitted to a jury as an element of the offense

The trial court violated Appellant's constitutional right to due process when it failed to submit to the jury the issue of whether the two offenses of assault family violence, of which the jury found Appellant guilty, occurred within one year of each other. Under *Apprendi*, any issue that raises the maximum sentence of an offense, other than a sentencing enhancement based upon a prior conviction, is an element of the offense and must be submitted to the jury and proven beyond a reasonable doubt. *Apprendi v. United States*, 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L. Ed. 2d 435 (2000). Failure to submit such an element to the jury was found by the *Apprendi* court to violate a defendant's Fourteenth Amendment right to due process by way of

9

the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment. *Id.* (citing *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999)).

In *Apprendi*, the United States Supreme Court considered a case involving a hate crime enhancement. *Apprendi*, 530 U.S. at 470. The defendant was charged with firing shots into the home of an African-American family in his neighborhood. *Id.* at 469. The defendant pled guilty to offenses that each carried a range of punishment of five (5) to ten (10) years confinement, but did not allege in the indictment that the offenses were hate crimes. *Id.* At a hearing on punishment before the court, the prosecution sought to enhance the punishment of the offenses by use of a hate crime enhancement. *Id.* at 470. As authorized by New Jersey law, the trial court found under a preponderance standard that the defendant had committed a hate crime and sentenced the defendant to twelve (12) years confinement, two (2) years above the maximum sentence without the enhancement. *Id.* at 471. The *Apprendi* court held that it is unconstitutional for criminal sentences to be enhanced above the limits provided by statute unless the element constituting the enhancement is submitted to the jury and proven beyond a reasonable doubt. *Id.* at 490.

B.   The trial court violated due process under *Apprendi* when it made its own finding that the two alleged assaults occurred within one year, instead of submitting this element to the jury

The instant case is similar to the *Apprendi* because Appellant was convicted of the offense of continuous family violence, which is an enhanced offense.   The offense of assault causing bodily injury is a Class A misdemeanor.   Tex. Penal Code § 22.01(a)(1) & (b).   A person commits a third third-degree felony when a person commits two or more acts constituting offenses under Section 22.01(a)(1) against a family member during a period of twelve (12) months or less in duration. Tex. Penal Code § 25.11(a).   Like the enhancement statute in *Apprendi*, which enhanced punishment for offenses that were considered hate crimes, Section 25.11(a) enhances punishment of offense as assault causing bodily injury involving family violence when two offenses are committed within a year.   *Compare Apprendi*, 530 U.S. at 469-470, *with* Tex. Penal Code §§ 22.01(b)(1) & 25.11(a) .

Unlike the state of New Jersey in *Apprendi*, the Texas legislature was more careful not to violate due process from the get-go by drafting the continuous family violence enhancement as a new offense under Chapter 25 of the Penal Code.   This drafting decision removes any ambiguity in whether the legislature intended the conduct required to enhance a misdemeanor assault to the felony of continuous family violence to be in the indictment, submitted to the jury, and proven beyond a reasonable doubt.   *See* Tex. Penal Code § 25.11(a) (describing the conduct as an

11

offense instead of an enhancement); *Apprendi*, 530 U.S. at 491-92 (rejecting the State's argument that the hate crime enhancement was a sentencing factor rather than an element of an enhanced offense).

However, while the Texas legislature did its part to avoid *Apprendi* challenges in the drafting of Section 25.11(a), a trial court will still violate due process if it fails to submit all elements of the enhanced offense to the jury when drafting the charge. An examination of the charge of the court will reveal that while the application paragraph of the charge correctly lays out the elements of Section 25.11, (I C.R. at 34), the verdict form only required the jury to making findings on whether or not Appellant twice committed the offense of assault family violence (I C.R. at 39). Nowhere on the verdict form does the jury make a finding that these two offenses of assault family violence occurred within a period that is twelve (12) months or less in duration. (*See* I C.R. at 39.)

Because the jury form does not indicate that the jury made a finding that the underlying offenses occurred within the time period required as an element of Section 25.11(a), it must be inferred that the trial court made this finding in place of the jury when it adjudged Appellant guilty of the greater offense continuous family violence under Section 25.11(a). (I C.R. at 53.) Under *Apprendi*, because this finding enhanced the maximum punishment from one (1) year confinement in the county jail to ten (10) years confinement in prison, the trial court violated

Appellant's right to due process under the Fourteenth Amendment when it failed to submit an essential element of the offense—whether the two offenses occurred within a period of twelve (12) months or less in duration—to the jury. *See Apprendi*, 530 U.S. at 490; Tex. Penal Code §§ 12.21, 12.34 (punishment range for Class A misdemeanors third degree felonies, respectively).

C. <u>Appellant was harmed by the trial court's error because his punishment exceeded the maximum sentence for a non-enhanced offense of misdemeanor assault</u>

Claims of constitutional error in a jury charge do not need to be raised at trial to preserve error on appeal. *Rodriguez*, 758 S.W.2d at 788. Any harm must be analyzed under the appellate standard for constitutional error, requiring that "the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex. R. App. Proc. 44.2; *see Rodriguez*, 758 S.W.2d at 788 (discussing the application of statutory standards of review under prior version of Rule 44.2).

In the instant case, there is no question that Appellant was harmed by the trial court's error because the erroneous conviction for a third-degree felony led to the jury being charged with a punishment range that exceeded the punishment allowed for the underlying Class A misdemeanor, the maximum of which is one year confinement in the county jail. Tex. Penal Code § 12.21. Instead, Appellant was

13

sentenced to twenty-five (25) years based upon a conviction for a third degree offense enhanced once more as a habitual offender under Section 12.42(d), which raised the maximum punishment to confinement for Life or ninety-nine (99) years, with a minimum sentence of twenty-five (25) years.

Because Appellant was harmed by the error in the jury charge, the most appropriate remedy is for this Court to order this cause be remanded to the trial court for a reformation of Appellant's conviction to reflect the lesser-included misdemeanor offense of assault causing bodily injury against a family member under Tex. Penal Code § 22.01(a)(1) and to proceed immediately to a hearing on punishment. *See Bowen v. State*, 374 S.W.3d 427, 431-42 (Tex. Crim. App. 2012) (reversing prior holding that barred the reformation of felony conviction for assault family violence to a misdemeanor when the lesser-included offense was not submitted to the jury). If this relief is found to be unavailable, this Court should reverse and remand for a new trial.

**II.     This Court should hold that the trial court's failure to sufficiently instruct the jury on the lesser-included offenses of misdemeanor assault constitutes reversible error**

Non-constituional claims of jury-charge error are reviewed by this Court using the procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (regarding non-constitutional error), *but see Rodriguez*, 758 S.W.2d at 788 (superseding *Almanza* on the issues of error preservation and harm analysis in cases involving constitutional error).    First, this Court should decide whether there was error in the charge.    *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).    If the charge contains non-constitutional error and appellant objected to the error at trial, reversal is required if there is "some harm."    *Almanza*, 686 S.W.2d at 171 (defining error that "is calculated to injure the rights of the defendant" as "some harm").    If the non-constitutional error was not objected to, it must be "fundamental" to require reversal, meaning that the error is so egregious that it denied the defendant his right to a fair and impartial trial.    *Id.*

A.     While the procedures regarding special jury instructions are defined by statute, the preservation of error for special instructions either by objection or the submission of instructions by written request

The requirements for a jury charge are defined by statute in the Code of Criminal Procedure.    Article 36.14 sets forth the requirements for the charge, and requires that the jury receive a "written charge distinctly setting forth the law

15

applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." Tex. C. Crim. Proc. art. 36.14. Article 38.14 requires that any objection to the charge be made either in writing or "dictated to the court reporter in the presence of the court and the state's counsel, before the reading of the court's charge to the jury." *Id.* "Said objections may embody errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts, and in no event shall it be necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge, as herein provided." *Id.* .

Article 36.15 sets forth the procedure for which a party may request special charges to be added to the trial court's charge which the "trial court shall give or refuse." Tex. C. Crim. Proc. art. 36.15. "The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses." *Id.* "When the defendant has leveled objections to the charge or has requested instructions or both, and the court thereafter modifies his charge and rewrites the same and in so doing does not respond to objections or

16

requested charges, or any of them, then the objections or requested charges shall not be deemed to have been waived by the party making or requesting the same, but shall be deemed to continue to have been urged by the party making or requesting the same unless the contrary is shown by the record; no exception by the defendant to the action of the court shall be necessary or required in order to preserve for review the error claimed in the charge." *Id.*

The Court of Criminal Appeals recently addressed the methods of preserving error in the jury charge, noting that while Article 36.14 required objections to the charge and Article 36.15 required submitting proposed instructions, error may be preserved using either method under both articles. *Chase v. State*, 448 S.W.3d 6, 12-13 (Tex. Crim. App. 2014). The *Chase* court reasoned that either method of stating an objection or stating a proposed instruction were sufficient to "satisfy the basic principle of error preservation that a party is required to 'let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Id.* at 12 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

*1.      Error was preserved by Appellant's objection to the omission of the lesser-included offenses in the State's proposed jury charge*

At trial, Appellant raised the issue of a lesser-included offense of misdemeanor assault for the offense of continuous family violence during a jury charge conference.    At the charge conference, a proposed charge prepared by the State was presented for objections.    (IV R.R. at 34.)    Appellant objected that the proposed charge did not include the lesser-included offense of misdemeanor assault. (IV R.R. at 35-37.)    This objection preserved error for appeal on whether the jury charge properly instructed the jury on the issue of a lesser-included offense.

*2.      Estoppel prevents the State from asserting that the lesser-included charge was not required or that error was not preserved because no charge conference was held on the amended charge prepared by the State's attorneys*

The record indicates that the State's attorney had prepared the jury charge, as is quite common in this judicial district.    (IV R.R. at 35.)    The proposed charge that raised the lesser-included objection was not entered into the record.    The State argued against the lesser-included offenses but was instructed by the trial court that the lesser-included offenses were necessary based upon the evidence at trial.    (IV R.R. at 40-41.)    The record does not indicate that the amended charge read to the jury and entered in the record was ever presented to Appellant for objections, as required by law.    The only reasonable conclusion from this sequence of events is that the trial court knew that failing to charge the lesser-included offenses would be

18

error and it was relying on the State's counsel to cure the error. The implication of this reliance by the trial court on the State to amend the charge correctly is that the State is estopped from arguing either that the lesser-included offense was not warranted or that Appellant failed to preserve error on this issue, triggering a more burdensome standard for harm analysis than the "some harm" standard when error is preserved.

If the State did not wish to be estopped from arguing that error was not preserved by Appellant during the charge conference, the State should have at the very least urged a second charge conference prior to submitting the new charge to the trial court to be read to the jury. Because a subsequent charge conference did not occur, the only reasonable interpretation from the record is that Appellant was entitled to a lesser-included charge on the offense of misdemeanor assault as indicated by the trial court, Appellant raised the issue by objecting to the State's original charge, and any failure by the State to amend the charge with sufficient instructions for the lesser-included offense would result in the constructive overruling of Appellant's objection to the charge by the trial court. Therefore, if this Court finds error in the charge, the only harm analysis that should be applied is whether the error in the charge resulted in "some harm" to Appellant.

Rather than arguing against our own position, Appellant will reserve any further argument for why Appellant was entitled to a charge on the lesser-included

19

offense and why this error was preserved for after the State responds to this argument in its brief. However, if this Court wishes Appellant to brief these specific issues more immediately, Appellant will gladly amend its brief upon request. Appellant would also welcome the opportunity respond to this issue, or any other issue, in person if this Court were to grant Appellant's request for oral argument.

B.      The trial court erred by failing to sufficiently charge the jury with the lesser-included offenses of misdemeanor assault

Having established that Appellant was entitled to a lesser-included charge for the offense of misdemeanor assault and that this issue was preserved by Appellant's objection, this Court should consider whether the charge that was presented to the jury was sufficient to instruct the jury on the lesser-included offense. A review of the jury charge will show that the trial court's charge to the jury did not include any instructions on how the jury could find Appellant guilty of a lesser-included offense of misdemeanor assault after acquitting or being unable to agree that Appellant committed the offense of continuous family violence. (*See* I C.R. 32-39.) Instead, the jury was given general instructions to the offense of continuous family violence, including an application paragraph (I C.R. at 34), and then asked on the verdict form to indicate whether or not Appellant was guilty of two misdemeanor assaults (I C.R. at 39).

To determine whether this charge was sufficient, this Court should compare

20

the trial court's charge to a model charge for lesser-included offenses. The Court of Criminal Appeals first addressed a model charge for lesser-included offenses in *Boyett v. State*, 692 S.W.2d 512 (Tex. Crim. App. 1985). The *Boyett* model first requires that the jury be instructed on the law of all available offenses. *Id.* at 515-16. Next, the model requires that a model charge should explicitly instruct the jurors that "if they did not believe, or if they had reasonable doubt of appellant's guilt of the greater offense, they should acquit appellant and proceed to consider whether appellant was guilty of the lesser included offense." *Id.* at 516. In cases involving multiple lesser-included offenses, this instruction is intended to be repeated for each lesser-included offense, cascading recursively after the application paragraph of each lesser-included offense until the lowest lesser-inclusive charge is reached, a trait that led to the instruction being referred to as the "stair-step" charge. 43 Tex. Prac., Crim. Prac. & Proc. § 43:47 (3d ed.). After this "stair-step" sequence repeats for each lesser-included offense and the application paragraph for the last lesser-included offense is charged, the final step of the model charge is to instruct the jury that "if it has a reasonable doubt as to whether a defendant is guilty of any offense defined in the charge, it will find the defendant not guilty." *Boyett*, 692 S.W.2d at 516.

There has been litigation over whether a "benefit of the doubt" instruction is also required in addition to the "stair-step" charge. After *Boyett*, this Court

21

examined the issue of a "benefit of the doubt" instruction in *Benevides v. State*, 763

S.W.2d 587 (Tex. App.—Corpus Christi 1988, pet. ref'd). A "benefit of the doubt"

instruction states that "if the evidence leaves a reasonable doubt of the grade or

degree of the offense, such doubt should be resolved in favor of the defendant." *Id.*

at 589. The *Benavides* court examined a charge that it summarized as follows:

> In the first paragraph of part four of the present charge, the court
> instructs the jury first to consider whether it finds beyond a reasonable
> doubt that the appellant is guilty of aggravated robbery. Paragraph two
> instructs the jury that, if it does not so find, it should acquit the appellant
> of aggravated robbery and proceed to consider whether he is guilty of
> robbery. In paragraph three the court instructs the jury to consider
> whether it finds beyond a reasonable doubt that the appellant is guilty
> of robbery. And paragraph five instructs the jury that, if it does not so
> find, it should acquit the appellant of robbery.

*Id.* The charge in *Benavides* did not contain a "benefit of the doubt" instruction,

leading to a claim on appeal that the instruction was insufficient. *Id.* The

*Benavides* court held that even though no "benefit of the doubt" instruction was

included, the instructions on the lesser-included offense was sufficient. *Id.*

More recently, the Court of Criminal Appeals took up the "benefit of the

doubt" instruction when it examined the issue of whether the inclusion of such

instruction was error in *Barrios v. State*, 283 S.W.3d 348 (Tex. Crim. App. 2009).

While finding no error in including the "benefit of the doubt" instruction, the Court

revisited *Boyett* and its model language on lesser-included offenses. *Id.* at 351-52.

*Barrios* instructs that the revised best-practice is to include language that instructs

22

the jury that they may read the charge as a whole, and replace the model language found in *Boyett* instructing "you will acquit . . . and next consider," with the language "or if you are unable to agree, you will next consider." *Id.* at 353. The subtlety in this change reflects a move away from a unanimous "acquittal first" stair-step model to a non-unanimous "charge read as a whole" model, while still holding both methods as sufficient.

1.    *The jury instructions are not sufficient to inform the jury of the applicable laws regarding the lesser-included offenses*

Whether a trial court chooses the traditional *Boyett* or more modern *Barrios* language, what is clear is that <u>at least some language is required</u> in order for the jury to understand the law of lesser-included offenses as it applies to a case at trial. *See* Tex. C. Crim. Proc. art. 34.14 (requiring "written charge distinctly setting forth the law applicable to the case"). The charge in the instant case contains neither the "stair-step" charge from *Boyett* nor the modern "charge read as a whole" instructions from *Barrios*. (*See* I C.R. 32-39.) In fact, the charge in this case does not even contain application paragraphs for the lesser included offenses, which in and of itself is also improper. *See McIntosh v. State*, 297 S.W.3d 536, 544 (Tex. App.— Houston[1st Dist.] 2009, pet. ref'd) (applying the application paragraph requirements of 36.14 to lesser-included offenses). Because the jury charge does not contain any of the necessary language required to charge the jury with the lesser-

23

included offense of assault causing bodily injury under Section 22.01(a)(1), this Court should hold that the trial court abused its discretion by constructively denying Appellant's objection to the State's omission of the lesser-included offense, even though the trial court found that Appellant was entitled to the instruction based upon the evidence.

2.    *The verdict form cannot cure the defects in the jury instructions regarding lesser-included offenses while simultaneously maintaining compliance with Apprendi*

Appellant anticipates an argument by the State that either the verdict form alone was sufficient to charge the jury with the lesser-included offense or that the verdict form precluded any harm from possible error in the charge because the jury still could have chosen to indicate guilt for only one offense of misdemeanor assault. However, Appellant has tried and failed to formulate any possible interpretation of the verdict form that would both survive reversal under *Apprendi* while also properly instructing the jury as to the lesser-included offenses.   The primary concern with any such interpretation is that, under a hypothetically-correct jury charge for lesser-included assaults in a case of continuous family violence, a verdict form would allow for the jury to find that Appellant twice committed the offense of misdemeanor assault but reasonable doubt existed or a lack of unanimity prevented a finding that the two assault offenses occurred within a twelve-month period.   Under that scenario, a jury could return a verdict that found Appellant guilty of both alleged

24

instances of lesser-included assault causing bodily injury against a family member but acquit Appellant of the greater offense of continuous family violence. Based upon a hypothetically-correct jury charge, the verdict form in the instant case would have therefore required the trial court to adjudge Appellant guilt of a single count of misdemeanor assault under Section 22.01(a)(1). *See Martinez v. State*, 225 S.W.3d 550, 554-55 (Tex. Crim. App. 2007) (holding that a defendant cannot be convicted of more offenses than counts in the indictment, which in the instant case would require a single conviction even though the jury found guilt for two lesser-included misdemeanors).

Appellant asserts that it is logically impossible interpret the verdict form in a manner that allows for the trial court to adjudge Appellant guilt of the greater offense—without violating *Apprendi*—that does not feed the argument that the trial court harmed Appellant by failing to sufficiently charge the lesser-included offenses. This logic, when viewed alongside with the <u>total and complete omission</u> of any language instructing jury on how to consider any lesser-included offenses, would necessitate this Court to find either reversible error under the present issue or a find reversible error under the preceding issue. Put bluntly, by neglecting to sufficiently heed the trial court's wishes to charge the jury with both the greater offense and the lesser-included offenses, the State must pick its poison on appeal.

25

C.      Appellant was harmed by the trial court's error because the sentence exceeded the maximum of the lesser-included offense

Much like the harm analysis of the first issue, the "poison" that results from preserved non-constitutional error in a jury charge is almost always fatal to a trial court's verdict on appeal.   In cases involving lesser-included offenses, harm "exists when the penalty imposed for the charged offense exceeds the potential penalty for the lesser included offense."   *Bridges v. State*, 389 S.W.3d 508, 512 (Tex. App.— Houston[14th Dist.] 2012).   As such, this Court should find harm because Appellant was sentenced to a term that exceeds the maximum sentence for the lesser-included offense of assault.

As argued above, this Court should therefore remand this matter to the trial court, ordering that Appellant's conviction be reformed to a misdemeanor assault causing bodily injury to a family member and that a new hearing be conducted on punishment.   *See Bowen v. State*, 374 S.W.3d at 431-42 (reversing prior holding that barred the reformation of felony conviction for assault family violence to a misdemeanor when the lesser-included offense was not submitted to the jury). Alternative, this Court should reverse and remand for a new trial.

26

## **PRAYER**

For these reasons, Appellant prays that this Court overturns Appellant's conviction for continuous family violence, and remand this cause to the trial court for a reformation of the judgment to reflect a conviction for the offense of assault causing bodily injury to a family member and a new hearing on punishment. Alternatively, Appellant prays that this Court reverse and remand for a new trial.

Respectfully submitted,

/S/Arnold Hayden
Arnold Hayden
State Bar No. 24065390
The Law Office of Arnold Hayden
P.O. Box 4967
Victoria, Texas 77903
Tel:   (361) 573-4393
Fax:   (361) 573-4394

ATTORNEY FOR APPELLANT
May 19, 2015

## CERTIFICATION OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4, I hereby certify that this brief contains 6,213 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/S/Arnold Hayden
Arnold Hayden
Attorney for Appellant

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing document was served upon the Honorable Stephen Tyler, Criminal District Attorney of Victoria County, 205 N. Bridge St., Ste. 301, Victoria, TX 77901, and upon the Appellant, MATTHEW JOHN CASANOVA, on this 19th day of May, 2015, pursuant to the Texas Rules of Appellate Procedure.

/S/Arnold Hayden
Arnold Hayden
Attorney for Appellant